THE MISSOURI PACIFIC RAILWAY COMPANY V. W. W.
RELF.

No. 15,612.   (97 Pac. 477.)

SYLLABUS BY THE COURT.

RAILROADS—*Connecting Carriers—Interstate Commerce—Rates.*
Where no through rate between two railroad stations in ad-
joining states and upon different railroads has been filed
with the interstate commerce commission or published, and a
car-load of freight is received at one of the stations and the
railroad agent at such station agrees to carry the freight to
the other station at a certain rate, and, at the connecting
point of the two railroads, the station agent of the other rail-
road receives the freight and agrees to complete the carriage
to its destination at the rate specified, *held*, in the absence of
any showing that the agreed rate is unreasonable or that other
shippers of like freight between the same stations were
charged a different rate, the contract will not be held void
as to the rate, notwithstanding the contract rate is less than
the sum of the local rates regularly charged by the respective
railroad companies for like freight between the stations where
each performed its part of the carriage.

Error from Franklin district court; CHARLES A.
SMART, judge.   Opinion filed July 3, 1908.   Affirmed.

STATEMENT.

THIS action was brought by the defendant in error
to recover of the plaintiff in error the sum of $33.25,
excess freight charges claimed to have been paid by
Relf to the railroad company for transporting a car-
load of freight from El Reno, Okla., to Harris, Kan.
Judgment was rendered for the amount claimed, and
the railroad company brings the case here.

The facts alleged in the petition and agreed to are,
in substance, as follow: On and prior to February 22,
1904, the Chicago, Rock Island & Pacific Railway Com-
pany was a carrier of passengers and freight, and
owned and operated a line of railroad from El Reno,
Okla., to Wichita, Kan., and from thence through the

state of Kansas to Kansas City, Mo. On that date there was effective on such railway a schedule of freight rates which had been duly filed with the interstate commerce commission and published; among others, a rate of thirty-three cents per hundred pounds, on freight of the class shipped by plaintiff on that date, from El Reno, Okla., to Wichita, Kan., and Kansas City, Mo., and other common points. Such railway company had no line of road from Wichita, Kan., to Harris, Kan. The Missouri Pacific Railway Company, however, owned and operated a line of railway from Wichita, Kan., to Harris, Kan., and Kansas City, Mo., and its schedule of rates, which had been duly published, from Wichita, Kan., to Harris, Kan., on the class of freight shipped by plaintiff, was twenty cents per hundred pounds. There was no joint rate from El Reno, Okla., to Harris, Kan., between the Rock Island company and the Missouri Pacific company filed and published, but the two roads were connected at Wichita. On February 22, 1904, the plaintiff delivered to the Rock Island company, at El Reno, Okla., a car-load of live stock and goods, consigned to his order at Harris, Kan. The company received the same and isued to him a bill of lading, in which no rate was specified, but the station agent of the company informed the plaintiff that the rate to Harris, Kan., was thirty-three cents per hundred pounds, and the plaintiff shipped with that understanding and agreement. When the car reached Wichita on the Rock Island line, as a condition precedent to transferring and delivering the car to the Missouri Pacific company the agent of the Rock Island company demanded prepayment of its charges at the rate of thirty-three cents per hundred pounds, amounting to $79.86, and the same was paid by the Missouri Pacific company and it received the car and freight. The agent of the Missouri Pacific company requested of plaintiff the shipping contract, and plaintiff inquired of the agent the rate from El Reno to Harris, and, after con-

sulting a book in his office, the agent informed him that it was thirty-three cents per hundred pounds, and he delivered his shipping contract to the agent of the Missouri Pacific company and received a contract from such agent to ship the car from Wichita to Harris with that understanding. When the car reached Harris, Kan., the agent of the Missouri Pacific company at that point demanded of plaintiff the sum of $79.86, which had been paid to the Rock Island company, and the additional sum of $33.25, being the amount of the tariff rate over the Missouri Pacific from Wichita to Harris at twenty cents per hundred pounds, which amount plaintiff paid under protest and under the claim that it was not in accordance with the contract.

The defendant answered, and, after a general denial, alleged that the shipment was an interstate shipment; that if the contracts were made as alleged they were in violation of the interstate commerce act and were void; that the court was without jurisdiction to try and determine the case; that the rate of carriage from El Reno to Wichita, as published by the Rock Island company and filed with the interstate commerce commission, was thirty-three cents per hundredweight, and the rate on the Missouri Pacific from Wichita to Harris, as published, was twenty cents per hundredweight.

*B. P. Waggener, W. H. Clark,* and *W. P. Waggener,* for plaintiff in error.

*F. A. Waddle,* for defendant in error.

The opinion of the court was delivered by

SMITH, J.: The only question raised in the original brief of the plaintiff in error is that the contract is in violation of the interstate commerce law and is null and void, and that, therefore, the proper charge for the through shipment was the sum of the two local rates. It seems clear that the contract of shipment made by the agent of the Rock Island company at El Reno,

30—78 KAN.

which was ratified by the agent of the Missouri Pacific company at Wichita or a new contract to the same effect was made, is valid, unless in violation of the interstate commerce act, as alleged.

The Missouri Pacific company having alleged the invalidity of the contract, the burden of establishing the claim rests upon it. It has neither alleged nor proved any fact to establish this claim, unless it be the simple fact that no interstate rate of shipment from El Reno to Harris had been agreed upon, published and filed with the interstate commerce commission. We do not think this is sufficient. It is agreed that the Rock Island company had published and filed an interstate rate over its road from El Reno to Wichita and Kansas City, Mo., at thirty-three cents per hundredweight for the class of freight in question. We take judicial notice of the fact that the distance over the Rock Island line from El Reno to Kansas City, Mo., via Wichita, through Kansas, is considerably greater than the distance over which the shipment in question was carried. This, we concede, is not conclusive of the proper rate from El Reno to Harris, but may be considered in determining whether or not the rate agreed upon was unreasonably low. There is no allegation or proof that any greater rate than thirty-three cents per hundredweight had theretofore been charged for a through shipment of like freight from El Reno to Harris, and there is no allegation or proof that there did not exist a through-shipment rate, published and filed by the Rock Island and Missouri Pacific lines, from El Reno to Wichita over the Rock Island and thence over the Missouri Pacific to some point beyond Harris, Kan. The plaintiff in error has failed to point out any provision of the interstate commerce act which it claims was violated by the contract in question, but relies solely upon the proposition that, there being no legally established through-shipment rate under the interstate commerce act from El Reno to Harris, the legal rate

is the sum of the two rates before mentioned, and that any contract in deviation therefrom is illegal and void. We do not think this conclusion necessarily follows.

It was the duty of the two railway companies to publish and file with the interstate commerce commission a through rate for interstate shipments, subject to the approval of the commission. (17 A. & E. Encycl. of L. 161-163.) When this is done it fixes the rate, which can not be raised or lowered by agreement with shippers, or otherwise, except in accordance with the provisions of the act of congress. In this case no such rate had been established, and it is not to be presumed that, if established, the rate would be higher from El Reno to Harris than the rate which had been filed by the Rock Island company for the greater distance from El Reno to Kansas City, Mo. The contract rate seems not unreasonable, and no reason appears why it is not valid.

The judgment is affirmed.